## No. 9367.

### THE STATE OF LOUISIANA VS. ARMSTEAD SAUNDERS.

After trial has begun, accused cannot obstruct its progress by motions for attachment of jurors who are absent; and refusal to grant attachments in such case is not error.

Proof of violent character of person wounded, in a trial for wounding less than mayhem. is properly rejected, unless proper foundation has been laid by evidence of overt act, hostile demonstration or threats on his part.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*M. J. Cunningham*, Attorney General, and *Alex. Hebert*, District Attorney for the State, Appellee.

*David N. Barrow* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The errors complained of are presented on two bills of exception:

1. After the trial had begun and after certain jurors had been impaneled and sworn, two jurors on the regular venire were called and failed to answer; whereupon defendant moved for attachment for said

State vs. Saunders.

absent jurors, but the judge refused the motion, proceeded with the calling of the remaining regular jurors and after their exhaustion ordered talesmen to be summoned, from whom the panel was completed. The bill is taken to the refusal of the judge to issue the attachments.

The refusal was not error. The right of the accused to be tried by jurors on the regular list which has been served upon him must yield to the practical necessity of proceeding with the trial when once begun.

Before going to trial, he may require the regular jury to be called in order to ascertain how many of them are present; and he may then move for attachments for those who are absent. Even in that case, however, it has been repeatedly decided that the judge may refuse the attachments when there is a sufficient number of jurors present to form the panel. State vs. Rountree, 32 Ann. 1145; State vs. Breaux, Id. 222; 11 Ann. 81, 422, 479; 26 Ann. 422; 28 Ann. 631.

But, if the accused omits this precaution and goes to trial, the absence of jurors cannot serve to obstruct or delay the proceeding, which must move on in its regular course.

The accused must then take the jury as he finds it, and, if some are absent, he cannot impose upon the court the necessity of staying proceedings until they can be attached and brought into court. State vs. Farrer, 34 Ann. 316.

Without such stay, the attachments would have been useless, and they were properly refused.

· A proper reading of the opinion in State vs. Atkinson, 29 Ann. 543, relied on by counsel for defendant, enforces the same view in the following expressions: "The court need not wait and should not wait, when the names of the regular venire have once been called; but, if before the talesmen are called and the jury completed, members of the regular venire who were not present at the first calling come into court, they should be called and the jury completed from them if practicable."

This illustrates the rule and the exception.

2. The other bill is taken to the refusal of evidence to prove the character of the prosecuting witness upon whom the crime charged of wounding less than mayhem was committed, for peace and quiet. The reason given by the judge for his refusal was that no proper foundation had been laid for the admission of the evidence of character " by proof of any hostile demonstration, overt act or threats." The reason is sufficient. State vs. Garic, 35 Ann. 971.

Judgment affirmed.